JUDGE'S RETIREMENT Upon a retired justice or judge's spouse predeceasing him, no provision is made nor allowed for a recoupment of the ten percent (10%) reduction in effect during the time she was alive and after the election was made. Further, upon the death of the spouse of a retired justice or judge, he may revoke his election by notifying the State Employees Retirement Board of the death and the withholding of ten percent (10%) of his retirement benefit would cease effective with the next monthly benefit. The additional contributions anticipated by Section 1-B of Senate Bill 315, supra, is contemplated as the three percent (3%) additional of the first seventy-five percent (75%) of his actual monthly salary up to May 23, 1974, when the term monthly salary is limited to that salary effective pursuant to the Oklahoma Statutes 1971. Pursuant to Section l-B of Senate Bill 315, the ending date for computing the additional contributions necessary to receive a survivor's benefit from a retired judge or justice who died on active service on January 14, 1969, or before June 22, 1974, would be the actual date of death occurring between the above dates; that the ending date for computing contributions necessary to receive survivor's benefit from a retired judge or justice who died in retirement status between January 14, 1969, would be the actual date of death between January 14, 1969, and May 13, 1975. Section 1-B of Senate Bill 315 sets no time limit on when the benefits provided may be sought; therefore, a surviving spouse who is otherwise eligible may obtain the "survivor's benefit" upon payment of the required contributions. The Attorney General is in receipt of your letters wherein you ask several questions concerning Senate Bill 315, enacted by the Thirty-fifth Legislature, First Session, codified as 20 O.S. Supp. 1102 [20-1102](B) (1975), and effective by reason of the emergency clause on May 13, 1975. Your questions state, in effect, as follows: 1. If the spouse predeceases a retired justice or judge, who has made an election to reduce his/her monthly retirement benefits by 10% to provide survivor benefits, (a) does the justice or judge forfeit the 10% reduction which has been deducted from his monthly retirement benefit, and (b) does the 10% reduction in his/her monthly retirement benefit continue during the lifetime of said justice or judge? 2. Shall the 7% contribution rate enacted May 23, 1974, for spouse survivor benefits be utilized retroactive to January 13, 1969? (Or the 4% until June 1 1974?) 3. On what salary shall the computation be based? (The deceased retired justice or judge's salary at time of his retirement?) 4. On what salary basis shall the spouse of a Supernumerary Judge repay? (Ref. Section 20 O.S. 1105 [20-1105], Title 20 O.S.) 5. The beginning date for computing the contributions required has been designated as January 13, 1969. What is the ending date? (The date S.B. No. 315 was signed May 13, 1975? Or the date the deceased retired justice or judge died?) 6. What is the maximum time limitation in Section B for a surviving spouse to make her election, and repay the contributions, to come under the survivor benefits provision? Both parts of your question number one refer to Senate Bill 315, Section 1-A which provides as follows: "Any retired justice or judge who, on the effective date of this act, is receiving benefits from the Oklahoma Judicial Retirement System may bring his spouse under the survivor benefit provisions of the Judicial Retirement Act by filing a written statement with the Director of the System within thirty (30) days from the effective date of this act declaring himself willing to accept a ten percent (10%) reduction of the retirement benefits to which he is entitled." The above-referenced section does not provide for any refund or other adjustment upon a spouse becoming deceased after the election of a retired justice or judge to include her in the survivor benefit provisions. In considering the second part of your first question, an election to come within the provisions of the above-referenced section is nowhere made irrevocable and it must be assumed that if after having made the election to bring a spouse within these provisions and the spouse then predeceases the retired judge or justice, that he could then revoke this election by notifying the State Employees Retirement Board of the death of the spouse. The deduction would then cease effective upon the next retirement payment. The remaining questions asked concern Section 1-B which provides as follows: "B. Any retired justice or judge who was a member of the Oklahoma Judicial Retirement System on January 14, 1969, and who died while in active service before June 22, 1974, or died in retirement status between January 14, 1969, and the effective date of this act (May 13, 1975) shall be considered to have brought his spouse under the survivor benefit provisions of the Oklahoma Judicial Retirement System. The surviving spouse of such justice or judge, when otherwise eligible, shall be entitled, from and after the effective date of this act, to survivor benefits upon payment to the Oklahoma Judicial Retirement System of that amount of additional contributions which the deceased justice or judge would have been required to make had the law permitted him to elect on January 13, 1969, to bring his spouse under the survivor benefit provisions of the Judicial Retirement System. If the contributions made to the System by such deceased justice or judge while alive were refunded to his surviving spouse upon his death, the surviving spouse must also repay the amount thereof to the System when applying for benefits under the provisions hereof." Title 20 O.S. 1103 [20-1103] (1974) provides as follows: "Each justice or judge who is a member of the Uniform Retirement System for Justices and Judges shall have four percent (4%) of the first seventy-five percent (75%) of his monthly salary withheld by the State of Oklahoma and deposited in a fund in the State Treasury which is hereby created and shall be known as the Oklahoma Judicial Retirement Fund. If a justice or judge shall elect in writing to bring his surviving spouse within the provisions of this act extending certain benefits to his surviving spouse, he shall have seven percent (7%) of the first seventy-five percent (75%) of his monthly salary withheld by the State of Oklahoma and deposited in said fund. If a justice or judge shall cease to be a justice or judge of the above-mentioned courts, for any reason, before he has accumulated eight (8) years of accredited service, then all the contributions retained from his salary shall be paid to him or his named beneficiary, or his estate in case of no named beneficiary, and he shall have no further claim against the State of Oklahoma for retirement pay for his services to date. The term 'monthly salary' as herein used means the monthly salary effective pursuant to Oklahoma Statutes 1971." Section 20 O.S. 1103 [20-1103] as above quoted was originally enacted in 1968 and required only four percent (4%) of the first seventy-five percent (75%) of the monthly salary to be withheld. It was not until the 1974 amendment, effective May 23, 1974, that a limiting definition of monthly salaries was included and that is as set forth in the emphasized portion above quoted. Said amendment also provided for an additional three percent (3%) or a total of seven percent (7%) of the first seventy-five percent (75%) of the monthly salary to be withheld if the survivor's benefit had been elected. Section 1-B of Senate Bill 315 provides a survivor's benefit upon payment of "additional contributions which the deceased justice or judge would have been required to make had the law permitted him to elect on January 13, 1969, to bring his spouse under the survivor benefit provisions of the Judicial Retirement System." The "additional contributions" to which the statute refers is the additional three percent (3%) of the first seventy-five percent (75%) of monthly salary required in order to make the election. Therefore, three percent (3%) of the first seventy-five percent (75%) of the last monthly salary actually received by justice or judge should be used to compute this figure until the effective date of the 1974 amendment to Section 1103 which defined that term as the monthly salary effective pursuant to Oklahoma Statutes 1971. At that point three percent (3%) of the first seventy-five percent (75%) of the monthly salary effective by the Oklahoma Statutes for 1971 would be the maximum, against which the percentile should be applied. It should be noted that where the justice or judge's previous contributions were returned to the surviving spouse upon his death these funds must also be repaid in addition to those discussed above. Those contributions refer to the four percent (4%) of the first seventy-five percent (75%) of the monthly salary already withheld and subsequently returned to the surviving spouse and this figure is a lump sum determinable by the Board. Your question number four requires examination of 20 O.S. 1971 1105 [20-1105], which provides as follows: "The office of 'State Supernumerary Judges' is hereby abolished on the effective date of this Act and on said effective date all State Supernumerary Judges shall immediately become retired Justices or Judges, as the case may be, and shall be entitled to receive as retirement compensation an amount equal to the salary they received as a State Numerary Judge, payable monthly out of the State Treasury." This section became effective January 13, 1969. (See 20 O.S. 1106 [20-1106] (1971).) On that date a Supernumerary Judge became a retired judge and being considered to have elected to bring his spouse under the survivor benefit provisions on that date the last monthly salary he would have received prior to retirement would have been that of a Supernumerary Judge. Prior to its repeal in 1968, effective January 13, 1969, 20 O.S. 924 [20-924] (1967) provided in part as follows: "A Supernumerary Judge shall hold office during good behavior and each such Judge shall be entitled to receive, until changed by the Legislature, an annual salary, each monthly payment of which shall be in an amount equal to four and one-half percent of the monthly salary he was receiving when he last served as a Judge, multiplied by the number of his total years of service, not to exceed seventy-five percent of said former salary, or Ten Thousand Dollars, whichever shall be the lesser." The salary base upon which the additional contributions must be computed for a Supernumerary Judge now considered a retired judge or justice shall be as set forth in 20 O.S. 924 [20-924] (1967) (now repealed). In regard to question number five, Section 1-B of Senate Bill 315 above-quoted provides benefits as if an election had been made on January 13, 1969, to bring a spouse under the survivor benefits. Two possibilities exist from that date. (1) A retired justice who died on active service on January 14, 1969 or before June 22, 1974 or (2) a retired judge or justice who died in retirement status between January 14, 1969 and the effective date of the act which is May 13, 1975. Under condition one above-stated, the ending date for computing the additional contributions necessary would be June 22, 1974 or the date of death, whichever is earlier and that the ending date for computing additional contributions necessary under condition two above would be May 13, 1975, or the date of death whichever is earlier. With reference to question number six, Section 1-B of Senate Bill 315 above-quoted provides in part as follows: "The surviving spouse of such justice or judge, when otherwise eligible, shall be entitled, from and after the effective date of this act, to survivor benefits upon payment to the Oklahoma Judicial Retirement System of that amount of additional contributions which the deceased justice or judge would have been required to make as the law permitted him to elect on January 13, 1969, to bring his spouse under the survivor benefit provisions of the Judicial Retirement System." Neither this sentence nor any other provisions of Senate Bill 315 provides a time limit to take advantage of this benefit. The only condition is that the surviving spouse be otherwise eligible and that the payments required under the above-quoted sentence or if contributions were returned to the surviving spouse, that they also be repaid. Therefore, at any time that a surviving spouse whose eligibility is still in tact chooses to elect to make these payments, she or he would be eligible to receive the survivor's benefits. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Upon a retired justice or judge's spouse predeceasing him, no provision is made nor allowed for a recoupment of the ten percent (10%) reduction in effect during the time she was alive and after the election was made. Further, upon the death of the spouse of a retired justice or judge, he may revoke his election by notifying the State Employees Retirement Board of the death and the withholding of ten percent (10%) of his retirement benefit would cease effective with the next monthly benefit. The additional contributions anticipated by Section 1-B of Senate Bill 315, supra, is contemplated as the three percent (3%) additional of the first seventy-five percent (75%) of his actual monthly salary up to May 23, 1974, when the term monthly salary is limited to that salary effective pursuant to the Oklahoma Statutes 1971. Pursuant to Section 1-B of Senate Bill 315, the ending date for computing the additional contributions necessary to receive a survivor's benefit from a retired judge or justice who died on active service on January 14, 1969, or before June 22, 1974, would be the actual date of death occurring between the above dates; that the ending date for computing contributions necessary to receive survivor's benefit from a retired judge or justice who died in retirement status between January 14, 1969, would be the actual date of death between January 14, 1969, and May 13 1975. Section 1-B of Senate Bill 315 sets no time limit on when the benefits provided may be sought; therefore, a surviving spouse who is otherwise eligible may obtain the "survivor's benefit" upon payment of the required contributions. (James H. Gray)